UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN B. SALEM, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>Defendant, | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff KAREN B. SALEM (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant CAPITAL MANAGEMENT SERVICES, LP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking

redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who were sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to CITIBANK, N.A., in which Defendant improperly attempted to collect same, in

violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or

injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO KAREN B. SALEM**

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to January 2, 2015, an obligation was allegedly incurred by Plaintiff to Defendant.

13. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

16. CITIBANK, N.A., directly or through an intermediary, contracted Defendant to collect CITIBANK, N.A.'s debt.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. In its effort to collect on the CITIBANK, N.A. obligation, Defendant contacted Plaintiff by written correspondence on January 2, 2015.  ("Exhibit A").

19. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. Said communication states as follows:  "Whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed, the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form after which a copy

would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences we encourage you to consult your legal or tax adviser."

21. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

22. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

23. Advising Plaintiff that Capital Management Services, L.P.'s client, CITIBANK, N.A., "may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form after which a copy would be mailed to you" is deceptive and misleading in violation of the FDCPA.

24. Internal Revenue Code 26 U.S.C. § 6050P, as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred…if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.650P-1(b)(2)(F).

25. However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 1.650P reporting requirements. 26 C.F.R. § 1.650P-1(d). The most pertinent of these eight exceptions to the present case are §§ 1.650P-1(d)(2) and (3), which read, respectively:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any

6

  transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

26. It is therefore entirely possible to forgive $600 or more of the debt and yet not be required to even file a Form 1099C.

27. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt. Advising Plaintiff that the Internal Revenue Service requires that they be notified with information about amounts of $600 or more, the statement "Whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed, the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form after which a copy would be mailed to you" is deceptive and misleading in violation of the FDCPA.

28. Furthermore, a consumer who has had difficulty paying his debts is unlikely to have income as a result of the settlement of a debt, in that such a person is more likely to be insolvent (in the sense that his liabilities exceed his assets), and the discharge of indebtedness by someone who is insolvent is not income.

29. Defendant gives erroneous and/or incomplete tax advice to consumers.

30. The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay may get the consumer into trouble with the IRS. *Good v. Nationwide Credit, Inc.*, No 14-4295, 2014 WL 5422103 (E.D.Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998); *Kaff v. Nationwide Credit*, *Inc.*, 13-cv-05413-SLT-WP.

31. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what Capital Management Services, L.P. claims is owed.

32. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

33. Here, there is no basis to conclude that a triggering event has or will occur requiring Defendant or CITIBANK, N.A. to report such forgiveness on a 1099c.

34. The gratuitous reference in a collection letter that a collector's client will report forgiveness equal or greater than $600 on an IRS Form 1099C, is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

35. Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "Whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed, the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form after which a copy would be mailed to you." Such a statement is objectively false. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

36. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C form may be reported to the IRS.

37. Said letter language is false and deceptive in that it does not explain that the Defendant's client is prohibited from reporting forgiveness on a 1099C form unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

38. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

39. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that 1099C forms are only issued for principal forgiveness not interest forgiveness.

40. Said letter does not indicate how much of the current debt is interest and how much of it is principal.

41. Said letter fails to disclose to consumers that there is a distinction between principal and interest.

42. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

43. Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. Defendant's statement that its client "may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

44. Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to report any forgiveness on

9

a 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to report any forgiveness on a 1099C tax form without regard for said "identifiable events" is a violation of § 1692e(8).

45. The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant say is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

46. Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

47. Defendant's letter gives consumers objectively false and deceptive tax advice.

48. Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

49. Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

50. Defendant voluntarily chooses to give the tax advice found in Defendant's letter.

51. No tax law or regulation obligates Defendant to include the notice regarding tax form 1099C in their collection letters.

52. Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

53. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. [1]

54. The letter violated 15 U.S.C. § 1692e, by falsely representing that "Whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed, the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C for after which a copy would be mailed to you." Such a statement is objectively false. If $600 or more is forgiven it may not be reported to the IRS. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

55. Just like the Second Circuit held in *Easterling v. Collecto, Inc*., The operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret Capital Management Services, L.P.'s letter's statement: "Whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed, the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C for after which a copy would be mailed to you" as representing, incorrectly, that the debtor is completely foreclosed from obtaining a settlement that includes forgiveness of $600.00 or more without the IRS sending the debtor a 1099 (which would create a tax liability) for the debt in question.

---

[1] *Wagner v. Client Services, Inc*., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Court refused to dismiss claim that 1099C warning was literally false, where defendant failed to show that plaintiff was not within one of the exceptions to the reporting requirement.); *Good v. Nationwide Credit, Inc*., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.); *Kaff v. Nationwide Credit, Inc*., 13-cv-05413-SLT-WP. (1099 language in violation because it failed to apprise debtors that exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts.) Many classes have been certified. See *Sledge v. Sands*, 1998 WL 525433(class certified), *Follansbee v. Discover Fin. Servs*., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

56. The wording used in this letter is false and misleading because according to 26 C.F.R. § 1.6050P-1(d)(3), forgiveness of Interest is not a reportable event and would not require a copy of 1099C to be filed with the IRS. The least sophisticated consumer test is an objective inquiry directed toward "ensuring that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon, 988 F.2d at 1318. The FDCPA does not place considerable – or dispositive – weight on the facts and circumstances surrounding a debtor's background. By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question. See Clomon, 988 F.2d at 1318.

57. Moreover, not only is the Defendant's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of obtaining a settlement which includes a discharge of $600.00 or more without creating a tax liability.

58. This is because the least sophisticated consumer could be led to believe:

> That unless the consumer pays the **entire** amount that the letter alleges is owed on the debt, the consumer is likely to be reported to the IRS.
>
> That unless the consumer pays the **entire** amount the letter alleges is owed for the debt, the consumer is likely to have to pay taxes on the entire unpaid balance.

59. In addition, the 2nd Circuit has found that Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. [2]

---

[2] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314,1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.* 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

60. Defendant's collection letter's capacity to discourage debtors from accepting any

61. settlement that includes forgiveness of $600.00 or more - without the IRS sending the debtor a 1099C- renders its misrepresentation exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. See 15 U.S.C. § 1692(e).

62. Therefore, the statement in the said January 2, 2015 communication concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§ 1692e, 1692(e)(2), and 1692(e)(10).

63. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e.
## False or Misleading Representations as to the Rights of the Consumer

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "63" herein with the same force and effect as if the same were set forth at length herein.

65. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

67. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

68. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

69. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

70. Because the collection letter in the instant case omits important information and may lead the consumer to act in a way contrary to his best interests, it is deceptive within the meaning of 15 U.S.C. § 1692e.

71. The least sophisticated consumer would likely be deceived by Defendant's conduct.

72. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

73. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

74. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

75. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e)  Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 31, 2015

              Respectfully submitted,

              By: __/s/ Alan J. Sasson_____
              Alan J. Sasson, Esq. (AS 8452)
              Law Office of Alan J. Sasson, P.C.
              2687 Coney Island Avenue, 2nd Floor
              Brooklyn, New York 11235
              Phone: (718) 339-0856
              Facsimile: (347) 244-7178
              *Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

              */s/ Alan J. Sasson*_____
              Alan J. Sasson, Esq.

Dated: December 31, 2015